

April 15, 2020

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Ward v. Musiclife Entertainment Group, LLC,* 1:18-cv-08457 (MKV)

Dear Judge Vyskocil:

We represent Plaintiff Jesse Ward ("Plainitff") in the above-captioned case. We write to respectfully move the Court to re-open this action and for leave for Plaintiff to file his motion for default judgment pursuant to Rule 55(b)(2) within seven (7) days after entry of the proposed order.

A Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001). A district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted). As demonstrated below, all of these factors weigh against Rule 41(b) dismissal.

First, Plaintiff did not miss any Court-ordered deadlines. Second, Plaintiff did not receive notice of a potential 41(b) dismissal, such as via an order to show cause. Third, whether Defendants failed to appear to defend this action on account of their own default, or as a result of never having received the complaint, they will suffer no prejudice if the Court permits this case to proceed on the merits. Fourth, as a matter of well-established jurisprudence, the "court should decide a controversy on its merits whenever possible." *Frutiger v. Hamilton Cent. Sch. Dist.*, No. 90-CV-303, 1993 WL 358480, at *5 (N.D.N.Y. Sept. 9, 1993), *dismissed sub nom. Frutiger v. Hamilton Cent.*, 28 F.3d 102 (2d Cir. 1994). Indeed, "there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds." *Camp v. Colvin*, No. 14-CV-6143T, 2014 WL 6474630, at *2 (W.D.N.Y. Nov. 19, 2014); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided





upon their merits whenever reasonably possible."); *Gonzalez v. City of New York*, 104 F. Supp. 2d 193, 195 (S.D.N.Y. 2000) ("it is the preference in this Circuit to decide cases on the merits rather than by default"); *Fappiano v. MacBeth*, No. 309-CV-00043CSH, 2010 WL 1839946, at *2 (D. Conn. May 7, 2010) (noting "the well-established preference for resolving cases on their merits"). Here, Plaintiff has asserted a meritorious copyright infringement claim that should be decided on the merits. Finally, lesser sanctions have not been considered, nor are they warranted. Plaintiff did not miss any deadlines or violate any court orders.

As none of the factors prescribed by the Second Circuit weigh in favor of Rule 41(b) dismissal, Plaintiff respectfully requests that the Court permit this case to proceed on the merits. Accordingly, Plaintiff respectfully requests that Court re-open this action and grant Plaintiff leave to file his motion for default judgment pursuant to Rule 55(b)(2) within seven (7) days after entry of the proposed order.

    Respectfully submitted,

    **/richardliebowitz/**
    Richard Liebowitz

    *Counsel for Plaintiff*